[L. A. No. 14572. In Bank.—February 16, 1934.]

EMPLOYERS' LIABILITY ASSURANCE CORPORA-
TION (a Corporation), Petitioner, v. INDUSTRIAL
ACCIDENT COMMISSION et al., Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioner.

Everett A. Corten for Respondents.

CURTIS, J.—An award was made by the Industrial Accident Commission in favor of William H. Palms and against his employer, the Atascadero Mill & Lumber Company, and against the petitioner herein, the Employers' Liability Assurance Corporation, and the Indemnity Insurance Company of North America, as insurance carriers of said employer. The Indemnity Insurance Company had issued to the employer a policy of compensation insurance for the year beginning December 18, 1931, and ending December 18, 1932. This policy was written through Paul Bone, the agent of the company. The policy contained a provision which permitted either party to cancel the policy without cause by giving notice to the other party. About three months after the date of the policy, the Indemnity Insurance Company gave notice of cancellation of the policy on the ground that the employer had failed to pay the premium. The employer

had, however, paid the premium in full to Bone, the agent, who evidently had failed to pay it over to his company. The employer immediately notified Bone of the notice of cancellation, and asked the reason why such a notice had been sent. Bone assured the employer that it was all a mistake and that he would communicate with the company and straighten up the matter, and assured the employer that its policy was intact and was not subject to cancellation. Nothing further was heard from the company regarding the policy. It did not send a member of its auditing staff, as it said it would in the notice of cancellation, to ascertain the amount of the premium earned under the policy, nor did it return any part of the premium paid by the employer, nor take any action whatever indicating that it had canceled said policy of insurance. Five months afterwards Bone absconded, and the employer fearing that its policy with the Indemnity Insurance Company might be affected by Bone's disappearance, took the matter up with the agent of the petitioner. The agent of petitioner stated that Bone's affairs were in such shape he could not determine whether the policy of the employer was in force or not. He promised verbally "to take care" of the employer in case the policy with the Indemnity Insurance Company was not in force, and later wrote to the employer, a letter to that effect. No policy was ever issued by the petitioner, nor was any premium ever paid petitioner by said employer. A few days later, after the date of this letter, and on October 31, 1932, the employee Palms was injured. ■ Under this state of facts, the Industrial Accident Commission held both insurance companies. If the policy issued by the Indemnity Insurance Company was canceled by the notice sent to the employer, then that company is not liable. If it were not canceled, that company is liable, and the petitioner here is not liable, as the uncontradicted evidence of the employer was that it did not intend to take out duplicate insurance. The Indemnity Insurance Company filed a petition for a hearing herein after the District Court of Appeal had denied its petition to annul said award against said company. This petition we denied, with the result that the award in favor of the employee against the Indemnity Insurance Company has become final. It follows as a necessary corollary from our decision sus-

taining the award against the Indemnity Insurance Company that the award against the petitioner should be annulled, as we think the evidence conclusively shows that the employer had no intention of insuring with the petitioner, if its insurance with the Indemnity Insurance Company was in effect at the time the agent of the insurance company absconded.

In justice to the Industrial Accident Commission we think it should be said that in the first instance its award was against the Indemnity Insurance Company only, but on a petition for a rehearing before said commission, when it became apparent that the Indemnity Insurance Company might seek an annulment of said award in the court, it granted said petition for a rehearing and rendered a final award against both insurance companies, evidently intending that should it be finally determined that said award should be annulled as against either of said companies then the other company should be held to the award in so far as said award was against it. It is apparent that the commission in granting the award against both insurance companies was endeavoring to protect the employee under either of these two contingencies. The award against the Indemnity Insurance Company having been affirmed, that against the petitioner should be annulled.

It is, therefore, ordered that the award of the respondent commission in so far as said award renders this petitioner liable for the payment thereof, is annulled, but in all other respects it is affirmed.

Preston, J., Langdon, J., Shenk, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.